**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

FILED
HARRISBURG, PA
NOV 2 7 2017

John Breault,

    Plaintiff,

v.

US Security,

    Defendant.

Case No. 1:17CV-2160

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, John Breault, (hereinafter referred to as "Plaintiff"), by and through his attorneys, Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1.    Plaintiff initiates this action to redress violations by Teal's Express, Inc. (hereinafter referred to as "Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et. seq.*).

### JURISDICTION AND VENUE

2.    This action is initiated pursuant to federal law. The United States District Court for the Middle District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth

by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted his administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.")

## PARTIES

6.      The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7.      Plaintiff is an adult individual with a primary residence located at 956 Knottignham Lane, York, PA 17408.

8.      Defendant is a Pennsylvania business entity with a regular place of business located at 3552 Old Gettysburg Road, Camp Hill, PA 17011.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant.

## FACTUAL BACKGROUND

10.     The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11.     Plaintiff is an openly homosexual male.

12.     On or about June 20, 2016, Plaintiff was hired by Defendant as a Security Guard.

13.     Plaintiff was promoted to the position of Account Manager in or around December of 2016, and continued to work in that capacity until his last date of employment with Defendant.

14.     At all times relevant herein, Plaintiff was a dedicated and hard-working employee for Defendant.

15.     In or around late June of 2016, Security Specialist Noel Alvarez ("Ms. Alvarez") told Plaintiff that if she had been in charge, Plaintiff would never have been hired.

16.     On or about February 9, 2017, Plaintiff received a call from Manager David Laboto ("Mr. Laboto"). At that time, Mr. Laboto informed Plaintiff that Plaintiff was being terminated from employment for allegedly being involved in a romantic relationship with another employee.

17.     Plaintiff was not involved in any such relationship with another employee.

18.     Upon information and belief, Defendant allowed several straight male employees to work even though they were engaged in a romantic relationship with another employee. For example:

- Chris Miller and Elizabeth Miller (husband and wife) are current or former employees of Defendant and were allowed to work the same shift for Defendant; and
- Dennis Rishel was allowed to work with a woman with whom he was engaged in a romantic relationship.

19.     In or around April of 2017, Defendant hired Moses Villanueva ("Mr. Villanueva") as a Shift Supervisor.

20.     Shortly after being hired, Mr. Villanueva inquired as to Defendant's reason for terminating Plaintiff's employment.

21.     Defendant advised Mr. Villanueva that Plaintiff was terminated because he was a "faggot."

22.   Defendant further told Mr. Villanueva to find a way to get rid of another gay male security guard.[1]

23.   In light of the forgoing, Plaintiff believes, and therefore Mr. Laboto was under the impression that Plaintiff was involved in a romantic relationship with another male employee.

24.   Plaintiff believes, and therefore avers, that he was terminated from employment because of his sexual orientation.

25.   Plaintiff believes, and therefore avers, that he was terminated from employment due to his failure to conform to Defendant's concepts of what a male should be or do insofar as Plaintiff was terminated for allegedly being involved in a romantic relationship with a male.

26.   Defendant's termination of Plaintiff because of the sex of Plaintiff's alleged romantic partner necessarily involved a stereotype about so-called proper roles in romantic relationships, namely, that men should only be romantically involved with women.

27.   Plaintiff believes, and therefore avers, that but for his sex/gender, he would not have been terminated from employment with Defendant.

## Count I
## Violations of the Title VII
### (Sex/Gender-based Discrimination, Hostile Work Environment and Retaliation)

28.   The forgoing paragraphs are incorporated in their entirety as if set forth in full.

29.   Defendant is an employer as defined by the Title VII.

30.   Title VII makes it an unlawful employment practice to, *inter alia*, discriminate against an individual "because of such individual's . . . sex."

---

[1] A true and correct copy of a statement signed by Mr. Villanueva is attached hereto as "Exhibit B."

31.     Title VII's "because of sex" provision has been recognized as prohibiting discrimination on the basis of sexual orientation, including where said discrimination arises out of a claim based on nonconformity to gender stereotypes.[2]

32.     Plaintiff was terminated from employment with Defendant because of his sexual orientation.

33.     Plaintiff was terminated from employment with Defendant because he failed to conform to gender stereotypes.

34.     The above actions constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

---

[2] *See, e.g., Burnett v. Union railroad Company*, 2017 WL 2731284 (W.D. Pa.. 2017). *See also U.S. Equal Emp't Opportunity Comm'n v. Scott Med. Health Ctr., P.C.*, 217 F. Supp. 3d 834, 841 (W.D. Pa. 2016) ("[t]here is no more obvious form of sex stereotyping than making a determination that a person should conform to heterosexuality.... [D]iscrimination on the basis of sexual orientation is, at its very core, sex stereotyping plain and simple; there is no line separating the two") ("Title VII's 'because of sex' provision prohibits discrimination on the basis of sexual orientation"); *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 341 (7th Cir. 2017) ("we conclude today that discrimination on the basis of sexual orientation is a form of sex discrimination"); *Philpott v. N.Y.*, No. 16-6778, 2017 WL 1750398, at *2 (S.D.N.Y. May 3, 2017) ("plaintiff's sexual orientation discrimination claim is cognizable under Title VII"); *Somers v. Express Scripts Holdings*, No. 1:15-1424, 2017 WL 1332145, at *14 n.8 (S.D. Ind. Apr. 11, 2017) ("if Mr. Somers were to raise a claim based on sexual orientation, such a claim would be cognizable under Title VII); *Boutillier v. Hartford Pub. Sch.*, No. 3:13-1303, , 2016 WL 6818348, at *9 (D. Conn. Nov. 17, 2016) ("the Court finds that Title VII protects individuals who are discriminated against on the basis of sex because of their sexual orientation"); *Winstead v. Lafayette Cty. Bd. of Cty. Comm'rs*, 197 F. Supp. 3d 1334, 1346 (N.D. Fla. 2016) ("[t]his view—that discrimination on the basis of sexual orientation is necessarily discrimination based on gender or sex stereotypes, and is therefore sex discrimination—is persuasive to this Court, as it has been to numerous other courts and the EEOC"); *Isaacs v. Felder Services, LLC*, 143 F. Supp. 3d 1190, 1193 (M.D. Ala. 2015) (holding that claims of sexual orientation-based discrimination cognizable under Title VII); *Baldwin v. Anthony Foxx, Sec'y, Dep't of Transp.*, EEOC Appeal No. 0120133080, 2015 WL 4397641, at *10 (EEOC July 16, 2015) (holding that "allegations of discrimination on the basis of sexual orientation necessarily state a claim of discrimination on the basis of sex"); *Terveer v. Billington*, 34 F. Supp. 3d 100, 116 (D.D.C. 2014) (finding that the plaintiff's allegations that he is a homosexual male whose sexual orientation is not consistent with the defendant's perception of acceptable gender roles, that his status as a homosexual male did not conform to the defendant's gender stereotypes associated with men, and that his orientation as homosexual was removed him from the defendant's preconceived definition of male, was sufficient to state a claim of sex discrimination); *Heller v. Columbia Edgewater Country Club*, 195 F. Supp. 2d 1212, 1222 (D. Or. 2002) ("[n]othing in Title VII suggests that Congress intended to confine the benefits of that statute to heterosexual employees alone").

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hand of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Matthew R. Dempsky, Esq.
**KRAEMER, MANES &
ASSOCIATES LLC**
PA ID: 316564
1515 Market Street
Suite 1200
Philadelphia, PA 19102
(215) 475 3567 Direct
(215) 914 6053 Fax
md@lawkm.com

7

KMA
1515 Market St. Suite 1200
Philadelphia PA 19102



U.S. District Court
Middle District of Pennsylvania
228 Walnut St.
P.O. Box 983
Harrisburg, PA 17101

RECEIVED
HARRISBURG, PA

NOV 27 2017

Per ____



B92779 08